**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SHEILA DELANN CARADINE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-1276-SEP |
| ) | |
| DIVISION OF YOUTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Sheila Delann Caradine's Application to Proceed in the District Court without Prepaying Fees or Costs, Doc. [2]. Because Plaintiff is financially unable to pay any portion of the filing fee, the application is granted. For the reasons set forth below, the case is dismissed without prejudice.

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Still, even self-represented complaints must "allege facts, which if true, state a claim as a matter of

1

law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### THE COMPLAINT

Plaintiff filed this action on the Court's civil complaint form against the Division of Youth Services, St. Louis County Justice Center, Eunice Caradine, Hazelwood Police Department, and Northwoods Police Department. Doc. [1]. Plaintiff appears to allege that her son did not receive "aftercare" or "medicine" after suffering from a heart attack in the St. Louis County Justice Center. Doc. [1-2] at 1. She also claims that her son has not been allowed to consult an attorney, and that her son is "being locked up and tortured . . . at [the] Clayton Jail." *Id*. Finally, Plaintiff alleges that she was improperly discriminated against and terminated in March 1998 by her employer, Defendant Division of Youth Services.[1] *Id*. Plaintiff did not complete the "Relief" section of the form complaint. Doc. [1] at 5-6.

### DISCUSSION

Having carefully reviewed the Complaint, the Court finds that Plaintiff's claims must be dismissed because (1) she does not have standing to bring a lawsuit asserting the rights of her son, and (2) her employment discrimination claims are untimely.

### I.      Plaintiff does not have standing to bring claims on behalf of her son.

Standing is a jurisdictional requirement that can be raised by the court *sua sponte* at any time during litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). A person must have standing to bring a claim, and to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Plaintiff, who is not an attorney, cannot represent another person in federal court; nor can she bring claims on behalf of others. *See* 28 U.S.C. § 1654 (in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause

---

[1] On August 1, 2017, Plaintiff brought an employment discrimination complaint against the Division of Youth Services. *See Caradine v. St. Louis County Housing Authority, et al.*, Case No. 4:17-cv-2196-JCH (E.D. Mo. Aug. 1, 2017). The Court dismissed the action as untimely. *Id.* at Doc. [13].

2

pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court). Under Missouri law, a non-attorney representing another person in court is engaged in the unauthorized practice of law, which can carry criminal penalties. *See* Mo. Rev. Stat. § 484.020.

Several of Plaintiff's claims relate to her son's conditions of confinement in county jail. Because she has not been personally injured, she does not have standing to bring this action on behalf of her son, and so the claims related to him must be dismissed.[2]

## II.     **Plaintiff's employment discrimination claims are untimely.**

To the extent Plaintiff is attempting to relitigate her employment discrimination claims against the Division of Youth Services under Title VII, she has already been informed that her claims are untimely. *See Caradine v. St. Louis County Housing Authority, et al.*, Case No. 4:17-cv-2196-JCH (E.D. Mo. Aug. 1, 2017) (dismissing action as untimely by approximately 12 years). An employment discrimination claim under § 1983 would also be untimely. *See Estate of Snyder v. Julian*, 2012 WL 2952934, at *3-4 (E.D. Mo. Jul. 19, 2012) ("In Missouri, . . . the applicable limitations period for claims brought under § 1983 is five years.") (citing *Sulik v. Taney County, Mo.*, 393 F.3d 765, 767 (8th Cir. 2005)); *Hutchison v. Texas Cnty., Missouri*, 2010 WL 11509270, at *3 (W.D. Mo. Dec. 1, 2010) (applying five-year statute of limitations to employment discrimination claim brought under § 1983).

---

[2] Even if Plaintiff is not attempting to bring claims on behalf of her son, Plaintiff has failed to properly allege claims against the five named Defendants. Division of Youth Services, a department of the State of Missouri, must be dismissed because the State of Missouri is not a "person" for purposes of money damages under 42 U.S.C. § 1983. *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017). The State is also protected by the doctrine of sovereign immunity. *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court."); *see also Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (district court erred in allowing plaintiff to proceed against state university for injunctive relief). Defendant Eunice Caradine must be dismissed because there is no indication in the Complaint that she is a state actor or that she came to an agreement with state actors to deprive Plaintiff of her constitutional rights. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999) ("Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law."). And Defendants St. Louis County Justice Center, Hazelwood Police Department, and Northwoods Police Department must be dismissed because they are not suable entities under 42 U.S.C. § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not suable entities).

3

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of February, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE